IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM JAMES CLARK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-06-330-JHP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

This is a proceeding initiated by the above-named petitioner who is currently an inmate at the Federal Correctional Institution - Elkton in Lisbon, Ohio. This action was initiated pursuant to the provisions of 28 U.S.C. § 2255. Petitioner contends that his detention pursuant to the judgment and sentence of the United States District Court for the Eastern District of Oklahoma, in Case No. CR-02-53-P is unlawful.

The Respondent filed a response by and through the United States Attorney for the Eastern District of Oklahoma. In addition, the court has reviewed the relevant trial court records associated with Case No. CR-02-53-P. The records reflect Petitioner was named in a two-count indictment on August 1, 2002, charging him with Count I: Impersonating a Federal Officer, in violation of 18 U.S.C. § 912; and Count II: Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). On May 15, 2003, Petitioner appeared before United States Magistrate Judge Kimberly E. West and entered a plea to Count II of the

1

indictment. The next day Petitioner again appeared before the Magistrate Judge and entered a plea to Count I of the indictment. Following each of these change of plea hearings, Petitioner was found guilty of the respective counts of the indictment.

On August 26, 2003, Petitioner was sentenced to thirty six (36) months on Count I and seventy (70) months on Count II. These terms of imprisonment were ordered to be served concurrently. Following release from confinement, Petitioner was ordered to serve a term of supervised release of one (1) year as to Count I and three (3) years as to Count II, with said terms of supervised release to run concurrently. Further, Petitioner was ordered to pay restitution in the amount of $10,464.26 and a special monetary assessment of $100.00 on each count, for a total assessment of $200.00. The Judgment was filed of record on September 12, 2003 (Dkt. 28). The Judgment was affirmed by the Tenth Circuit Court of Appeals and a mandate was filed on October 3, 2005 (Dkt. 35).

The instant proceeding was initiated on August 17, 2006, when Petitioner filed a Motion to Dismiss Indictment (Dkt. 2) which this Court construed as a Motion to Vacate pursuant to § 2255. Petitioner subsequently amended his Motion by filing the standard form Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. 4). Petitioner alleges three (3) grounds for relief, to-wit: 1) the district court lacked jurisdiction to adjudicate the charges against him; 2) denial of right to appeal; and 3) ineffective assistance of counsel.

Title 18 U.S.C. § 3231 vests exclusive jurisdiction in the district courts of the United States over "all offenses against the laws of the United States." Article I, § 8 of the United

States Constitution "empower[s] Congress to create, define and punish crimes, irrespective of where they are committed." *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990), *cert. denied*, 500 U.S. 920, 111 S.Ct. 2022, 114 L.Ed.2d 108 (1991).

In *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999), the defendant plead guilty to a one-count information charging him with wire fraud, in violation of 18 U.S.C. § 1343 and was sentenced to six months' imprisonment, plus three years' supervised release. During his plea before the court, Hugi agreed that an interstate wire communication occurred when Pioneer Press verified a credit card charge by interstate wire communication and Hugi acknowledged it was foreseeable to him that interstate wire communication facilities would be used by his co-defendant in furtherance of the scheme to defraud. After serving the imprisonment and allowing the statute of limitations to run on any other crimes he may have committed, Hugi asserted Pioneer Press had not used interstate communications to verify the charge and, therefore, the district court lacked "jurisdiction" and his counsel's failure to discover this amounted to ineffective assistance of counsel. In affirming the district court's denial of a certificate of appealability on the issue of the district court's subject matter jurisdiction, the Court said:

> Some jurisdiction shortcomings are constitutional in nature, for Article III and the eleventh amendment set limits to the duties Congress may assign to the courts; other jurisdiction deficits are just the result of statutory limitations; but the contention Hugi wants to advance is not 'jurisdictional' in either sense. Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the "jurisdictional" inquiry. Lawyers and judges sometimes refer to the interstate-commerce element that appears in many federal crimes

3

as the 'jurisdiction element,' but this is a colloquialism-or perhaps a demonstration that the word 'jurisdiction' has so many different uses that confusion ensues. *Kanar v. United States*, 118 F.3d 527, 529-30 (7th Cir. 1997).

A link to interstate commerce may be essential to Congress's substantive authority, see *United States v. Lopez*, 514 U.S. 549, 115 s.Ct. 1624, 131 L.Ed.2d 626 (1995), but the existence of regulatory power differs from the subject-matter jurisdiction of the courts. *United States v. Martin*, 147 F.3d 529 (7th Cir. 1998), clarifies this point by holding that proof of an interstate transaction is no different from proof of any other element of a federal crime. "[T]he nexus with interstate commerce, which courts frequently call the 'jurisdictional element,' is simply one of the essential elements of [the offense]. Although courts frequently call it the 'jurisdictional element' of the statute, it is 'jurisdictional' only in the shorthand sense that without that nexus, there can be no federal crime . . . . It is not jurisdictional in the sense that it affects a court's subject matter jurisdiction, *i.e.*, a court's constitutional or statutory power to adjudicate a case, here authorized by 18 U.S.C. § 3231." 147 F.3d at 531-32 (citations omitted). *Martin* adds that, "once a defendant pleads guilty in '[a] court which has jurisdiction of the subject matter and of the defendant, as did the court in the instant case,' the court's judgment cannot be assailed on grounds that the government has not met its burden of proving 'so-called jurisdictional facts.' *United States v. Hoyland*, 264 F.2d 346, 352-53 (7th cir. 1959); *La Fever v. United States*, 279 F.2d 833, 834 (7th Cir. 1960). Even if the government fails to establish the connection to interstate commerce, the district court is not deprived of jurisdiction to hear the case." 147 F.3d at 532. See also, e.g., *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 118 S.Ct. 103, 1009-12, 140 L.Ed.2d 210 (1998).

*Hugi*, *supra* at 380-381.

In *United States v. Dwyer*, 245 F.3d 1168 (10th Cir. 2001), in addressing a 'jurisdictional' challenge to an indictment alleging Dwyer's possession of a weapon was 'in and affecting interstate commerce,' the Court stated:

"A defendant who knowingly and voluntarily pleads guilty waives all non-jurisdictional challenges to his conviction." *United States v. Wright,* 43 F.3d 491, 494 (10th Cir.1994). "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." *United States v. Broce,* 488 U.S. 563,

4

> 570, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); *see also United States v. Hill,* 53 F.3d 1151, 1155 (10th Cir.1995) (en banc) (following *Broce* and holding that by pleading guilty, a defendant admits "all the well-pleaded facts in the indictment"). Here, the indictment alleged that Dwyer's weapon possession was "in and affecting interstate commerce." (citation omitted)
>
> Although Dwyer has styled this issue as a jurisdictional challenge, he is in fact attempting to resurrect the issue of whether his weapon possession affected interstate commerce. Dwyer waived this issue when he entered his guilty plea. By admitting in his plea agreement that "[s]uch possession was in or affecting interstate or foreign commerce," *id.* at 14, he admitted the interstate nexus element was satisfied.

*Dwyer*, *supra* at 1170.

Similarly, in this case, Petitioner plead guilty to Count I, Impersonating a Federal Officer in violation of 18 U.S.C. § 912 and Count II, Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). On both counts Petitioner provided the Court with a factual basis for his plea of guilty. As to Count I, Petitioner provided the Court with the following factual basis: "On or around May 26, 2002, in the Eastern District of Oklahoma, Muskogee County, I falsely acted as a federal officer, and took actions under that pretense." Tr. of Waiver of Jury Trial - Change of Plea held on May 16, 2003, at p. 15. As to Count II, Petitioner provided the Court with the following factual basis: "On or about May 24, 2002, I purchased a firearm from a pawn shop and it was not manufactured here in the state of Oklahoma, and I am a prior convicted felon." Tr. of Criminal Pretrial/Plea Hearing held on May 15, 2003, at p. 25. Additionally, Petitioner stipulated that he purchased the firearm in Murray County, which is in the Eastern District of Oklahoma. *Id.* On the basis of each of these factual statements by Petitioner, the Court found there was a factual basis for Petitioner's pleas of guilty.

5

Based upon the record and authorities cited herein, this Court finds Petitioner has failed to establish that this Court lacked jurisdiction to adjudicate either of the charges against him. Accordingly, Petitioner's first ground for relief is denied.

In his second and third grounds for relief, Petitioner asserts he was denied his right to appeal and he was denied effective assistance of counsel. In support of these allegations, Petitioner states "[m]y attorney failed to file my appeal after the United States Supreme Court granted my writ and sent it back to the 10th Circuit in light of United States v. Booker."

Petitioner's claim of ineffective assistance of counsel is governed by the familiar two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 688-89, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Specifically, Petitioner must demonstrate that (1) the representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance prejudiced the defense. *Id.*, 466 U.S. 667, 104 S.Ct. at 2064. Failure to establish either prong of the *Strickland* standard will result in a denial of Petitioner's Sixth Amendment claims. *Id.*, 466 U.S. at 696, 104 S.Ct. at 2069-2070. While ensuring that criminal defendants receive a fair trial, considerable judicial restraint must be exercised. As the Supreme Court cautioned in *Strickland*,

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all to easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.

*Id.*, at 466 U.S. at 689, 104 S.Ct. at 2065. In addition, the Court indicated the conduct of counsel is "strongly presumed" to have been within the wide range of reasonable professional assistance. *Id.* The Tenth Circuit has indicated before representation will be considered ineffective, it must have made the trial "a mockery, sham, or farce, or resulted in the deprivation of constitutional rights." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994); see also *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997) (holding counsel's performance must have been "completely unreasonable, not merely wrong," to be constitutionally ineffective). This Court "may address the performance and prejudice components in any order, but need not address both if [petitioner] fails to make a sufficient showing of one." *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999).

Following conviction, Petitioner's counsel, Assistant Public Defender Barry L. Derryberry, filed an appeal which was affirmed in *United States v. Clark*, 94 Fed.Appx. 769, 2004 WL 729289 (10th Cir. 2004). Thereafter, Defense counsel filed a Petition for Writ of Certiorari in the United States Supreme Court. In *Clark v. United States*, 125 S.Ct. 1020 (2005), the Supreme Court granted certiorari on January 24, 2005, vacating the judgment and remanding the case to the Tenth Circuit Court of Appeals for further consideration in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). On remand, the Tenth Circuit reconsidered Petitioner's sentence in light of *Booker* and reinstated it previous order and judgment affirming Petitioner's sentence. *United States v. Clark*, 147 Fed.Appx. 752 (10th Cir. 2005). Based upon these facts, it is clear Petitioner was not

7

deprived of his right to appeal his conviction. Accordingly, Petitioner's second ground for relief is denied.

Next, Petitioner asserts, in his third ground for relief, his attorney was ineffective for failing to pursue more appeals. Petitioner's claim of ineffective assistance of counsel seems to arise because of counsel's failure to again seek certiorari review by the Supreme Court after the Tenth Circuit reinstated its previous order and judgment.

In *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), the Supreme Court "held that a criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals or applications for review in [the Supreme Court]." *Wainwright v. Torna*, 455 U.S. 586, 587-588, 102 S.Ct. 1300, 1301, 71 L.Ed.2d 475 (1982). Since Petitioner has no constitutional right for counsel to pursue discretionary review by the Supreme Court, he could not have been deprived of effective assistance of counsel by counsel's failure to file a second application for certiorari. *Id.* Based upon the facts herein, this Court finds counsel's efforts on behalf of Petitioner met the standards established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Accordingly, Petitioner's allegation he was denied effective assistance of counsel is without merit and is, therefore, denied.

For the reasons cited herein, Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, is hereby denied.

**IT IS SO ORDERED** this  2nd  day of April, 2007.

James H. Payne
United States District Judge
Eastern District of Oklahoma

8